IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JON ANGELO GARCIA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 11-544 ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 10). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 7 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 7).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). On December 22, 2008, Plaintiff protectively applied for SSI, alleging that since September 22, 1987, he had been disabled due to autism and an enlarged aortic valve due to Marfan syndrome. (R. 97, 221). The state agency denied his claim initially, and he requested an administrative hearing. (R. 97, 103-11).

1

Administrative Law Judge ("ALJ") John Kooser held a hearing on February 2, 2010, at which Plaintiff was represented by counsel. (R. 28-87). Four witnesses appeared and testified at the hearing: Plaintiff, Plaintiff's mother, a psychologist, and a vocational expert ("VE"). Id. In a decision dated March 12, 2010, the ALJ found that Plaintiff was not disabled under the Social Security Act. (R. 12-27). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 10). The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.** **WHETHER THE ALJ ERRED IN FAILING TO GIVE THE APPROPRIATE WEIGHT TO CERTAIN EVIDENCE**

Plaintiff argues that the ALJ assigned improper weight to certain medical evidence as follows:

> First, Plaintiff argues that the ALJ incorrectly included services Plaintiff received from Mercer County Behavioral Health as evidence from "treating and consultative examiners" and improperly assigned that evidence "considerable weight."

3

> Plaintiff contends that Mercer County Behavioral Health was not an "acceptable medical source" or even an "other medical source" because Plaintiff's providers there were not health care providers.
>
> Second, Plaintiff argues that the autism services form completed by William Sanders (R. at 296-97) similarly is not medical source evidence and should not have been given "considerable weight."
>
> Third, Plaintiff argues that the ALJ erred in granting only some weight to, and failing to fully consider, the evidence provided by Leslie Powell, Director of Day Services at MCAR.

(ECF No. 7 at 12-14).

I have carefully considered Plaintiff's arguments and find that they do not warrant reversal or remand in this case. As an initial matter, the portions of the ALJ's opinion about which Plaintiff complains comprise only a fraction of the total record evidence upon which the ALJ relied in formulating his conclusions.[1] Thus, even assuming *arguendo* that the ALJ assigned improper weight to this evidence, the evidence does not negate the abundance of other evidence the ALJ cites in support of his determination. (R. 19-22). Moreover, the evidence at issue is consistent with, and supports, the other evidence set forth in the ALJ's opinion. This is not a case, for example, in which the ALJ improperly weighed conflicting medical evidence from a treating physician and erroneously rejected it in favor of the evidence at issue. Indeed, the only evidence that the ALJ labels as inconsistent with the overall evidence of record is the testimony of Plaintiff, Plaintiff's mother, and Dr. Sutton regarding the limiting effects of Plaintiff's symptoms. (R. 19, 21). Contrary to Plaintiff's arguments, the ALJ properly explained his reasons for discrediting this testimony, including the fact that Dr. Sutton's testimony regarding the severity of Plaintiff's limitations contradicted his own written report. (R. 21, citing Exhibit 11F). See generally SSR

---

[1] For example, the ALJ's only reference to the Mercer County Behavioral Health records is a two-sentence reference to the fact that the then-current treatment goals at MCBH included Plaintiff obtaining full time employment and living independently. (R. 20, citing Exhibit 18F, p. 17). The ALJ specifically recognized that these goals were "not a specific assessment of the claimant's mental residual functional capacity" but cited them as an indication that full-time employment for Plaintiff would be beneficial rather than contraindicated. Id.

06-03P, 2006 WL 2329939 (2006).

Finally, Plaintiff's argument that the ALJ failed to fully consider the evidence provided by Leslie Powell, Director of Day Services at MCAR (Plaintiff's employer) is simply without merit. A careful review of the ALJ's opinion shows that the ALJ considered the entirety of Ms. Powell's statement, including her opinion that Plaintiff required extra assistance "from time to time." (R. 21 & Exhibit 11E). The ALJ described Ms. Powell's statement as "entirely consistent with the intellectual and neuropsychological testing as well as the educational records." Id. The ALJ considered the assessment, found it credible, and gave it some weight. Id.

In short, the ALJ properly considered all of the evidence of record, and substantial evidence supports his RFC determination and his conclusion that Plaintiff was not disabled within the meaning of the Social Security Act. Such evidence includes, *inter alia*: reports from serial mental status examinations consistent with the ALJ's RFC finding; evidence that Plaintiff is no longer taking any psychotropic medications; the results of Plaintiff's intellectual and neuropsychological testing; a May 2007 psychological examination by Drs. Meyer and Uran; a July 2008 psychological evaluation by Dr. Carver; the findings of two state agency psychological consultants in April 2008 and March 2009 that Plaintiff was able to fulfill the basic mental demands of competitive work on a sustained basis despite his limitations; and the hearing testimony from Plaintiff and his mother that Plaintiff performed work for MCAR in mainstream work conditions and was able to comprehend and carry out his work duties independently. (R. 19-22 & Exhibits cited therein). For all of these reasons, I find no error in this regard.

C. **WHETHER THE ALJ FAILED TO CONSIDER ADEQUATELY HOW INDEPENDENTLY PLAINTIFF COULD FUNCTION OUTSIDE HIGHLY STRUCTURED SETTINGS**

Although Plaintiff admits in his brief that the ALJ cited to the pertinent evidence in determining Plaintiff's ability to engage in activities of daily living, he argues that the ALJ nevertheless failed to evaluate how independently Plaintiff was able to engage in those activities

outside of the highly structured settings of school, his work at MCAR, and his home. (ECF No. 7 at 14-17). In Plaintiff's view, because the ALJ's decision does not address the level of supervision Plaintiff needed, it is unclear if the ALJ considered and rejected the issue of increased supervision or whether he failed to consider it at all.

Plaintiff's argument is without merit. The ALJ found that Plaintiff has the residual functional capacity to perform medium exertional work except that he cannot work in an environment with excessive levels of noise, particularly unexpected noise, and he is limited to a low stress work environment, defined as work not involving high volume productivity requirements, very infrequent workplace changes, and no complex decisionmaking. (R. 18-19). The ALJ also limited Plaintiff to simple, routine, repetitive work, with no more than occasional interaction with supervisors and coworkers, and little to no interaction with the general public. (R. 19). Contrary to Plaintiff's assertions, the ALJ's RFC finding is supported by substantial evidence of record.

As set forth above, Plaintiff's primary argument in opposition to the RFC finding is that the ALJ's decision erroneously fails to address the issue of increased supervision and, therefore, it is unclear whether the ALJ considered that issue. A careful reading of the ALJ's thorough opinion, however, belies this contention. Among other things, the ALJ notes that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 416.929 and SSRs 96-4p and 96-7p." (R. 19). He further states that he "considered opinion evidence in accordance with the requirements of 20 CFR § 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p." Id.; see also id. at 17 ("After consideration of the entire record, I make the following findings: . . . ." (emphasis added)). Moreover, the ALJ's opinion specifically states that Plaintiff has moderate restrictions in activities of daily living including that "[t]he claimant is independent in personal care and other daily activities, but must be reminded to stay on

6

schedule." (R. 18, 296-97) (emphasis added). The ALJ similarly notes that "[t]he claimant can perform activities of daily living independently <u>with reminders</u>." (R. 19) (emphasis added).

In addition, when considering the record evidence, the ALJ found persuasive and gave some weight to evidence such as the autism services form completed by William Sanders that indicates that "the claimant is generally independent and can learn simple tasks but needs some reminders and prompts," (R. 20 and Exhibit 12E), and Plaintiff's employer's statement that Plaintiff "was a hard worker who required extra assistance 'from time to time'." (R. 21 & Exhibit 11E). In considering this evidence, the ALJ specifically described it as being both persuasive and consistent with the RFC findings set forth above. Thus, to the extent Plaintiff argues that the ALJ failed to consider his need for some increased supervision, that argument is unpersuasive.

The ALJ's opinion also specifically addresses Plaintiff's ability to work outside of a structured setting. In addition to citing to numerous reports and recommendations from various agencies and examiners supporting Plaintiff's ability to work, the ALJ refers to evidence that Plaintiff was able to function in mainstream settings such as regular education settings. (R. 20). Significantly, the ALJ points to the hearing testimony of both Plaintiff and his mother that Plaintiff's work at the pallet shop, while performed in a facility that provided sheltered work opportunities to some employees, was actually performed in the mainstream work conditions section, and that the claimant was able to comprehend and carry out his work duties very independently. <u>Id.</u>; <u>see also id.</u> at 21 (testimony of Plaintiff and his mother indicated Plaintiff was capable of carrying out simple, routine tasks and capable of functioning under the RFC assessed).[2]

For all of these reasons, Plaintiff's argument that the ALJ's opinion and/or his RFC finding fails to address Plaintiff's need for increased supervision or ability to function outside of a structured setting is without merit. To the contrary, substantial evidence, including the examples

---

[2] To the extent other hearing testimony, such as that of Dr. Sutton, suggested greater limitations, the ALJ adequately explains why such testimony is inconsistent with the overall record evidence. (R. 19-21).

set forth above, supports the ALJ's conclusion that Plaintiff retained the residual functional capacity to perform a limited range of medium work. Accordingly, I do not find any error on this issue.

**D.     WHETHER THE ALJ'S HYPOTHETICAL QUESTION TO THE VOCATIONAL EXPERT FAILED TO REFLECT ALL OF PLAINTIFF'S IMPAIRMENTS**

Finally, Plaintiff argues that the ALJ's hypothetical question to the vocational expert ("VE") failed to reflect all of Plaintiff's limitations supported by the record and, therefore, the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff contends that the ALJ's question failed to include Plaintiff's need for someone to provide him reminders in areas of preferred activity and frequent reminders in areas of activity not preferred. (ECF No. 7 at 17-20). This argument is unpersuasive.

The "[t]estimony of vocational experts in disability determination proceedings typically includes, and often centers upon, one or more hypothetical questions posed by the ALJ to the vocational expert." Podedworny, 745 F.2d at 218. "The ALJ will normally ask the expert whether, given certain assumptions about a claimant's physical capability, the claimant can perform certain types of jobs, and the extent to which such jobs exist in the national economy." Id. Although "the ALJ may proffer a variety of assumptions to the expert, the expert's testimony concerning alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." Id.; see also Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002). If a hypothetical question does not reflect all of a claimant's impairments that are supported by the record, "the question is deficient and the expert's answer to it cannot be considered substantial evidence." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); see also Ramirez v. Barnhart, 372 F.3d 546, 550 (3d Cir. 2004); Burns, 312 F.3d at 123.

As explained above, the law only requires the ALJ to include limitations supported by the record in his hypothetical question to the vocational expert. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); Podedworny, 745 F.2d at 218. Here, the ALJ asked the VE to assume a hypothetical individual with Plaintiff's age, education, and no significant past work history. The hypothetical individual would be limited to medium work and would not be able to work in an environment where there would be excessive levels of noise, certainly unexpected noise. The individual would need to work in a low-stress work environment, defined as no high-volume productivity requirements, no or very infrequent unexpected changes in the workplace, no complex decision making, would be simple routine repetitive work, and would involve no more than occasional interaction with supervisors and coworkers, and very occasional to no interaction with the public. (R. 81). The ALJ also asked the VE whether there were light and sedentary jobs a hypothetical individual with the same limitations could perform. (R. 82-83).[3] The VE concluded that there was medium, light, and sedentary work in the local and national economy that such an individual could perform. (R. 81-83). As explained fully in the preceding sections, substantial evidence supports the ALJ's conclusion that Plaintiff did not have any greater limitations.

Because the ALJ properly considered Plaintiff's limitations supported by the record, I find no error on this issue.

### III. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted. An appropriate Order follows.

---

[3] This hypothetical question is consistent with the ALJ's recognition that Plaintiff may need some assistance and reminders. Before formulating his hypothetical question, the ALJ clarified with the VE that unskilled work would include training and close supervision and reinforcement at the beginning of employment and that the supervisor would be available after that point to provide some reminders. (R. 79-81). Although the VE testified that there may not be any jobs for an individual who required intensive supervision or coaching on an ongoing basis, the record evidence, including the hearing testimony regarding Plaintiff's work history at the pallet shop and other evidence cited above, does not support this level of limitation in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JON ANGELO GARCIA, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 11-544
)
MICHAEL J. ASTRUE, Commissioner of )
Social Security, )
)
    Defendant. )
)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 13th day of June, 2012, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 7) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 10) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge